**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EFSTRATIA KYRIAKOULIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        No. 10 C 7902 |
| | ) |
| DUPAGE HEALTH CENTER, LTD., d/b/a | ) |
| HEALTH STOP, DR. SYED NASIR GHANI, | ) |
| and JOSEPH ANTHONY PUTHENVEETIO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court is the defendants' motion to dismiss Counts IV, V, and VI of plaintiff's complaint. For the reasons explained below we grant the defendants' motion.

## BACKGROUND

Plaintiff Efstratia Kyriakoulis worked as a receptionist for defendant DuPage Health Center, Ltd., d/b/a Health Stop ("DuPage Health"). (Compl. ¶ 5.) Defendant Syed Nasir Ghani owns DuPage Health, and is its president. (Id. at ¶ 3.) Defendant Joseph Anthony Puthenveetio is DuPage Health's office administrator. (Id. at ¶ 4.) Kyriakoulis alleges that the defendants failed to keep accurate time records and failed to pay her overtime wages even though she regularly worked more than 40 hours per week. (Id. at ¶¶ 7-8.) She claims that the defendants' conduct violated the Illinois Wage Payment and Collection Act ("IWPCA") (Count I), the

Illinois Minimum Wage Law ("IMWL") (Count II), and the Fair Labor Standards Act ("FLSA") (Count III). She is also pursuing common law claims based on the same conduct: unjust enrichment (Count IV), quantum meruit (Count V), and breach of implied contract (Count VI). Defendants contend that the FLSA preempts these common law claims.

## DISCUSSION

**A.    Legal Standard**

Defendants cite both Rule 12(b)(1) and Rule 12(b)(6) in support of their motion. We do not think that our subject matter jurisdiction is at issue here. "Preemption . . . does not normally concern the subject-matter jurisdiction of a court to hear a claim, which is what is relevant to the resolution of a Rule 12(b)(1) motion. Rather, the doctrine generally concerns the merits of the claim itself — namely, whether it is viable and which sovereign's law will govern its resolution." Trollinger v. Tyson Foods, Inc., 370 F.3d 602, 608 (6th Cir. 2004). Preemption is an affirmative defense, which arguably makes it an inappropriate basis for a motion under Rule 12(b)(6), as well. See Bausch v. Stryker Corp., 630 F.3d 546, 561 (7th Cir. 2010) (observing that a defendant should raise preemption in its answer and then move for judgment under Fed. R. Civ. P. 12(c)); see also Trollinger, 370 F.3d at 608 ("[L]itigants typically invoke preemption as a defense to state-law claims asserted in state or federal court, not as a jurisdictional

defect.").  But Kyriakoulis has not objected to the motion on that ground, and the basis for defendants' preemption defense is clear on the face of Kyriakoulis' complaint.  See <u>Muhammad v. Oliver</u>, 547 F.3d 874, 878 (7th Cir. 2008) ("No purpose would be served by compelling the defendant to file an answer rather than proceed by motion when the plaintiff has pleaded the answer himself.").  Therefore, we will turn to the merits of the parties' arguments "without fussing over procedural niceties to which the parties are indifferent."  <u>Doe v. GTE Corp.</u>, 347 F.3d 655, 657 (7th Cir. 2003).

**B.    Preemption**

Defendants, relying on <u>Farmer v. DirectSat USA, LLC</u>, No. 08 C 3962, 2010 WL 3927640, *14-16 (N.D. Ill. Oct. 4, 2010) and the cases cited therein, argue that the FLSA implicitly preempts Kyriakoulis' state common law claims.  "[I]mplied preemption . . . occurs when the structure and purpose of federal law shows Congress's intent to preempt state law."  <u>Mason v. SmithKline Beecham Corp.</u>, 596 F.3d 387, 390 (7th Cir. 2010).  The FLSA requires employers to pay overtime wages, and it establishes the amount of compensation.  See 29 U.S.C. § 207(a)(1).  Most of the courts that have considered this issue have held that the FLSA preempts common law claims for unpaid overtime.  See <u>Farmer</u>, 2010 WL 3927640, *14-16 (dismissing on preemption grounds the plaintiffs' common law claims for unjust enrichment, quantum meruit, and breach of implied contract); <u>Morgan v. SpeakEasy, LLC</u>,

625 F.Supp.2d 632, 659 (N.D. Ill. 2008) (dismissing plaintiff's unjust enrichment claim because it was "based on the same factual assertions as his FLSA claims, and the FLSA clearly addresses the situation where an employer fails to pay minimum wages to an employee and/or unlawfully retains tips from a tip pool"); Choimbol v. Fairfield Resorts, Inc., Civil Action No. 2:05cv463, 2006 WL 2631791, *5 (E.D. Va. Sept. 11, 2006) ("The FLSA directly addresses and provides relief for the allegations made by Plaintiffs in this case: overtime and minimum wage compensation."); Sorensen v. CHT Corp., No. 03 C 1609, 2004 WL 442638, *6 (N.D. Ill. Mar. 10, 2004) ("[T]he Sorensen Plaintiffs' remedy is found in the FLSA and not the common law of quantum meruit"); Johnston v. Davis Security, Inc., 217 F.Supp.2d 1224, 1228 (D. Utah 2002) (dismissing the plaintiff's common law claims as "merely duplicative" of her FLSA claim); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir. 2007) ("Congress prescribed exclusive remedies in the FLSA for violations of its mandates."). We find these authorities persuasive. The FLSA's enforcement scheme is "unusually elaborate," Anderson, 508 F.3d at 194, and the statute carves out a specific role for state wage laws:

> No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter . . . .

29 U.S.C. § 218(a). Section 218(a) does not apply to Kyriakoulis'
common law claims, which do not establish either a higher minimum
wage or a shorter maximum work week. They are, instead, the type
of nebulous common law theories that a plaintiff might rely on if
the FLSA and complimentary state wage laws did not exist.

Kyriakoulis' contrary arguments are unavailing. She argues,
for example, that the Farmer decision was "driven, at least in
part, on the difficulties inherent in certifying common law
claims." (Pl.'s Resp. at 4.) There is no indication in the
Farmer court's opinion that this consideration played any role in
its decision, nor is it apparent in any of the other cases just
cited. She also argues that a "majority" of courts that have
considered the issue have concluded that the FLSA does not preempt
"state law." (Id. at 4.) If Kyriakoulis has included state
statutory law in her survey, then she may be correct. As we just
discussed, the FLSA does not preempt such laws. See 29 U.S.C. §
218(a); see also Epenscheid v. DirectSat USA, LLC, 708 F.Supp.2d
781, 790 (W.D. Wis. 2010) (concluding that the FLSA did not
preempt the plaintiffs' state statutory wage-law claims); DeKeyser
v. Thyssenkrupp Waupaca, Inc., 589 F.Supp.2d 1026, 130-31 (E.D.
Wis. 2008)(similar); cf. Farmer, 2010 WL 3927640, *15
("Defendants' contention that the FLSA preempts state common law
is well-supported by persuasive legal authority.") (emphasis in
original). Some of the contrary authorities Kyriakoulis cites are

clearly distinguishable. See <u>Williamson v. General Dynamics Corp.</u>, 208 F.3d 1144, 1153 (9th Cir. 2000) (holding that the FLSA did not preempt a fraud claim not covered by the statute's anti-retaliation provision); <u>Albee v. Village of Bartlett</u>, 861 F.Supp. 680, 691 n.23 (N.D. Ill. 1994) (concluding that the defendant could "contract to provide *more* protection against uncompensated overtime than FLSA requires") (emphasis in original). Indeed, the <u>Williamson</u> court stated in dicta that "claims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." <u>Williamson</u>, 208 F.3d at 1153. <u>Avery v. City of Talledega</u>, 24 F.3d 1337 (11th Cir. 1994) is more relevant, but not persuasive. In that case the Eleventh Circuit Court of Appeals held that the plaintiff could pursue both FLSA and breach-of-contract claims where the contract at issue incorporated the FLSA's terms. <u>Id.</u> at 1348. <u>Avery</u> arguably supports permitting Kyriakoulis' common law claims to remain in the case as "alternative legal theor[ies] to redress any wrong that may have been done [her]." <u>Id.</u> Assuming that the Eleventh Circuit would extend <u>Avery</u> to permit duplicative non-contract claims for unpaid overtime, it is a minority position and we reject it for the reasons cited above.

## CONCLUSION

Defendants' motion to dismiss Counts IV, V, and VI of plaintiffs' complaint (12) is granted. Counts IV, V, and VI are

dismissed with prejudice.  A status hearing is set for June 15, 2011 at 10:30 a.m.


       DATE:     June 9, 2011

       ENTER:   _____

       John F. Grady, United States District Judge